BRIAN K. BROOKEY, CA Bar No. 149522
brian.brookey@cph.com
G. WARREN BLEEKER, CA Bar No. 210834
warren.bleeker@cph.com
CHRISTIE, PARKER & HALE, LLP
350 West Colorado Boulevard, Suite 500
Post Office Box 7068
Pasadena, California 91109-7068
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

Attorneys for Plaintiff,
CALCAR, INC. and AMERICAN
CALCAR, INC.

[Full List of Attorneys on the Signature Page]

FILED
CLERK, U.S. DISTRICT COURT
FEB 26 2008
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**NOTE CHANGES MADE BY THE COURT**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALCAR, INC., a California corporation; and AMERICAN CALCAR, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CALIFORNIA CARS INITIATIVE, INC., an unknown business entity; and FELIX KRAMER, an individual,<br><br>Defendants. | Case No. SACV07-723 AG (MLGx) JWJ<br><br>**STIPULATED PROTECTIVE ORDER** |

It is stipulated and agreed by and between counsel for Calcar, Inc. and American Calcar Inc. ("Plaintiffs") on one hand, and counsel for The California Cars Initiative, Inc. and Felix Kramer ("Defendants") on the other hand, that the terms and conditions of this Stipulated Protective Order shall govern the handling of documents, depositions, pleadings, exhibits and all other information exchanged by the parties in this Action, or provided by or obtained from non-

-1-

CHRISTIE, PARKER & HALE, LLP

DM_US:20970248_2

parties in this Action.

## SCOPE

1. This Protective Order shall apply to all documents, depositions, pleadings, exhibits and all other material or information subject to discovery in this Action, including responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, expert testimony and reports, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, trial exhibits, matters in evidence and any other information used or disclosed at trial, hereafter furnished, directly or indirectly, by or on behalf of any party, non-party or witness in connection with this Action ("Discovery Material").

2. As used herein, "Producing Party" shall refer to any party to this Action and to any non-party who gives testimony or produces documents or other information, and "Receiving Party" shall refer to any individual who receives, is shown, or is exposed to material or information pursuant to this Protective Order.

## DESIGNATION

3. Any Producing Party may designate Discovery Material as "CONFIDENTIAL" or as "ATTORNEYS' EYES ONLY" in accordance with this Protective Order. The burden of establishing that Discovery Material is CONFIDENTIAL or ATTORNEYS' EYES ONLY as defined herein shall be on the Producing Party. The designation of any Discovery Information as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation.

4. Discovery Material falling into one or more of the following categories may be designated as CONFIDENTIAL: information (regardless of

how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c) which shall only be disclosed to the parties to this litigation and their respective counsel, as set forth in paragraph 13 below. Such information should fall into one or more of the following categories: (i) sales, marketing, or product or service development strategies, tactics or plans; (ii) financial data; (iii) costs of doing business; (iv) customer lists; (v) business agreements and contracts; (vi) licensing negotiations and agreements; and (vii) third-party documents covered by an obligation of confidentiality.

5. Discovery Material falling into one or more of the following categories may be designated as HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY: information (regardless of how generated, stored or maintained) or tangible things that are extremely sensitive -- such as trade secrets or highly sensitive business or product expansion plans or developments -- and whose disclosure to any person other than the parties' respective outside counsel (including any future outside counsel), as set forth in paragraph 14 below, would create a substantial risk of serious injury that could not be avoided by less restrictive means.

6. The Producing Party may designate documents or other Discovery Material as CONFIDENTIAL or ATTORNEYS' EYES ONLY by placing either of the following legends (or similar legends) on the document or thing: CONFIDENTIAL - Civil Action No. 07-723 AG (MLGx) or ATTORNEYS' EYES ONLY - Civil Action No. 07-723 AG (MLGx) provided, however, that in the event that original documents are produced for inspection, the Receiving Party and Producing Party shall agree jointly upon a mechanism to place the appropriate legend on the documents in the copying process. CONFIDENTIAL or ATTORNEYS' EYES ONLY materials shall not include any document,

information or other materials that (a) are, at the time of disclosure, in the public domain by publication or otherwise through no fault of the Receiving Party or, (b) are not under law entitled to be treated as confidential.

7. Any party or non-party may designate discovery requests or responses (and the information contained therein) as CONFIDENTIAL or as ATTORNEYS' EYES ONLY by placing either of the following legends (or similar legends) on the face of any such document:

"Contains CONFIDENTIAL information. Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose CONFIDENTIAL information is included";

or

"Contains ATTORNEYS' EYES ONLY information. Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose ATTORNEYS' EYES ONLY information is included."

In the case of discovery requests or responses, a statement must also be included within the document specifying the portion(s) thereof designated as CONFIDENTIAL or as ATTORNEYS' EYES ONLY and the face of the document and those pages containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be so designated.

8. Any party or non-party may designate depositions and other testimony (including exhibits) as CONFIDENTIAL or as ATTORNEYS' EYES ONLY by stating on the record at the time the testimony is given that the entire testimony or portions thereof shall be designated as CONFIDENTIAL or as ATTORNEYS' EYES ONLY. If entire testimony is designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, and the designating party later determines that only portions of the previously designated testimony should be designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, the designating

party shall, within 30 days of receipt of the transcript, de-designate those portions of the transcript that should not be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY. In addition, a party may designate information disclosed at such deposition as CONFIDENTIAL or ATTORNEYS' EYES ONLY by notifying all of the parties in writing within fifteen (15) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY. The following legends (or similar legends) shall be placed on the front of any deposition transcript (and, if videotaped, any copies of the videotape) containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information:

"Contains CONFIDENTIAL information. Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose CONFIDENTIAL information is included";

or

"Contains ATTORNEYS', EYES ONLY information. Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose ATTORNEYS' EYES ONLY information is included."

9. Subject to any overriding rules imposed by the Court in this Action, all CONFIDENTIAL or ATTORNEYS' EYES ONLY material, or an excerpt, reproduction or paraphrase thereof, filed with the Court shall be filed under seal in accordance with Local Civil Rule 79-5. The Producing Party bears the burden of proof to establish that the designated information should be filed under seal. Where a moving party files and serves a written application to file CONFIDENTIAL or ATTORNEYS' EYES ONLY information under seal, and the moving party did not designate that information as CONFIDENTIAL OR ATTORNEYS' EYES ONLY, the Producing Party may, within 5 court days from the date that the moving party files its application, file and serve supplemental

papers supporting the Producing Party's contention that the information should remain under seal. If the Court grants a party permission to file an item under seal, a duplicate disclosing all non-confidential information shall be filed and made a part of the public record. The item shall be redacted to eliminate confidential material from the document. The document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." The sealed and redacted documents shall be filed simultaneously.

## USE

10. All Discovery Material produced in this case, including Discovery Material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be used only in preparation for, and in, the trial of this Action or any appeal therefrom and cannot be used for any other purpose including, but not limited to, any other litigation, arbitration or claim. Nothing in this Protective Order shall preclude a Producing Party from using or disseminating its own CONFIDENTIAL or ATTORNEYS' EYES ONLY material.

11. All material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be protected from disclosure as specified herein, unless a party obtains an Order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected.

12. Third parties may (i) designate deposition transcripts of their witnesses and any documents or information they produce, whether voluntarily or by subpoena, CONFIDENTIAL or ATTORNEYS' EYES ONLY to the same extent and in the same manner as parties to this Action and any such materials and information shall be treated by the parties to this Action in the same manner as materials and information so designated by a party, and (ii) intervene in this Action to enforce the provisions of this Protective Order as if they were a party.

## DISCLOSURE

13.   Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as CONFIDENTIAL may be disclosed by the Receiving Party only to the following persons:

(a)   any "outside" attorney of record in this Action (including attorneys employed by firms of record but not otherwise identified specifically on pleadings, and the parties agree to identify those outside attorneys on request if not identified specifically on pleadings);

(b)   support personnel for attorneys listed in sub-paragraph (a) above, including law clerks, analysts, paralegals, interpreters, translators, secretaries, and clerical staff employed by any attorney identified in sub-paragraph (a) and assisting in connection with this Action;

(c)   any outside expert or consultant who is expressly retained or sought to be retained by any attorney described in sub-paragraph (a) to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work;

(d)   no more than two designated persons representing each Party (including persons employed by affiliates) with whom counsel find it necessary to consult, in the discretion of such counsel, in preparation for trial in this Action;

(e)   any non-party interpreter, translator, or court or other shorthand reporter, videographer or typist translating, recording or transcribing testimony and who is not an employee of a Party or an employee of an affiliate of a Party;

(f)   service contractors (such as document copy services), jury consultants and graphic artists;

(g)   any person who authored and/or was an identified original recipient of the particular CONFIDENTIAL material sought to be disclosed to

-7-

that person, or any deponent where the examining attorney has a good faith basis to believe the deponent is aware of the particular CONFIDENTIAL material sought to be disclosed;

    (h)   personnel of the Court, including Mediators (and their assistants) assigned by the Court and all appropriate courts of appellate jurisdiction; and

    (i)   any person agreed to by the Producing Party in writing.

CONFIDENTIAL material shall not be disclosed to persons described in paragraphs 13 (b), (c), (d), (e) (with respect to non-party interpreters or translators), (f), (g) (with respect to any deponent when the examining attorney has a good faith basis to believe the deponent is aware of the particular ATTORNEYS' EYES ONLY material) or (i), unless and until such person has executed the affidavit in the form attached as Exhibit A. CONFIDENTIAL material shall not be disclosed to any person unless such person is authorized to receive CONFIDENTIAL material pursuant to Paragraphs 13 and 15 of this Protective Order.

14.   Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as ATTORNEYS' EYES ONLY may be disclosed by the Receiving Party only to the following persons:

    (a)   any "outside" attorney of record in this Action (including attorneys employed by firms of record but not otherwise identified specifically on pleadings and the parties agree to identify those outside attorneys on request if not identified specifically on pleadings);

    (b)   support personnel for attorneys listed in sub-paragraph (a) above, including law clerks, analysts, paralegals, secretaries, interpreters, translators, and clerical staff employed by any attorney identified in sub-paragraph (a) and assisting in connection with this Action;

(c) any outside expert or consultant who is expressly retained or sought to be retained by any attorney described in sub-paragraph (a) to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work;

(d) any non-party interpreter, translator, or court or other shorthand reporter, videographer or typist translating, recording or transcribing testimony and who is not an employee of a Party or an employee of an affiliate of a Party;

(e) service contractors (such as document copy services), jury consultants and graphic artists;

(f) any person who authored and/or was an identified original recipient of the particular ATTORNEYS' EYES ONLY material sought to be disclosed to that person or any deponent when the examining attorney has a good faith basis to believe the deponent is aware of the particular ATTORNEYS' EYES ONLY material sought to be disclosed;

(g) personnel of the Court and all appropriate courts of appellate jurisdiction; and

(h) any person agreed to by the Producing Party in writing.

ATTORNEYS' EYES ONLY material shall not be disclosed to persons described in paragraphs 14 (b), (c), (d) (with respect to non-party interpreters or translators), (e), (f) (with respect to any deponent when the examining attorney has a good faith basis to believe the deponent is aware of the particular ATTORNEYS' EYES ONLY material) or (h), unless and until such person has executed the affidavit in the form attached as Exhibit A. ATTORNEYS' EYES ONLY material shall not be disclosed to any person unless such person is authorized to receive ATTORNEYS' EYES ONLY material pursuant to Paragraphs 15 and 16 of this Protective Order.

15. At least seven (7) days before the disclosure of any CONFIDENTIAL or ATTORNEYS' EYES ONLY material of the Producing Party is made to an individual above in Paragraph 13, sub-paragraphs (c), (d) or (i) or Paragraph 14, sub-paragraphs (c), or (h), and where that individual is either (1) employed in the automotive industry, other than solely as a litigation expert or consultant (including survey experts and academics retained as expert witnesses), or (2) currently involved in providing goods and services to the automotive industry, other than solely as a litigation expert or consultant (including survey experts and academics retained as expert witnesses), an attorney for the Receiving Party shall serve a Notice on the Producing Party identifying said individual by name and including a curriculum vitae or equivalent resume setting forth such person's present residence and business address(es), current employer and job title, any company or companies by which that individual was employed during the past five (5) years, and a list of all consulting agreements or arrangements that said individual may have entered into during the past five (5) years. The list should disclose the name and address of each such entity for which consulting work is being, or has been, performed, and the subject matter of that consulting work. If disclosure of either the identity of the entity for which the work is being performed or the subject matter of that work, or both, is deemed proprietary by the Receiving Party, then the fact that certain information is being withheld on the basis that it is proprietary shall be disclosed by the Receiving Party, and any such information that is not deemed proprietary shall be disclosed. Such notice shall be accompanied by an executed acknowledgment from the individual to whom the disclosure is to be made, in the form of Exhibit A attached hereto. In the event that said individual enters into any subsequent consulting agreements or arrangements during the course of this litigation, the Receiving Party shall promptly notify the Producing Party of such agreements or arrangements. The

Producing Party shall state any objections to the proposed disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY information to any individual described in Paragraph 13, sub-paragraphs (c), (d), or (i) or Paragraph 14, sub-paragraphs (c), or (h), and state the reasons therefore in writing to the Receiving Party within six (6) days of receipt of the Notice. Upon the making of any such objection(s), the Producing Party shall have ten (10) days (or any additional time which may be agreed upon by the parties or granted by the Court) from sending its objection(s) in which to challenge, by filing an expedited motion, the disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY information. Unless the Producing Party objects to the disclosure and files an expedited motion in accordance with the Notice and timing provisions of this Paragraph 15 and Paragraph 29, the Producing Party waives its right to challenge the disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY information to the identified individual(s), and the individual identified in the Notice shall be considered a qualified recipient of CONFIDENTIAL or ATTORNEYS' EYES ONLY material under the terms of this Protective Order. Should the Producing Party properly object and file its expedited motion, CONFIDENTIAL or ATTORNEYS' EYES ONLY material will not be disclosed pending resolution of the expedited motion. Before the disclosure of any CONFIDENTIAL or ATTORNEYS' EYES ONLY material of the Producing Party is made to an individual described above in Paragraph 13, sub-paragraphs (c), (d) or (i), or Paragraph 14, sub-paragraphs (c) or (h), an attorney for the Receiving Party shall obtain from each such person an executed copy of the affidavit attached as Exhibit A and shall thereafter retain such executed affidavits at least until the Termination of this Action (defined below).

16. The recipient of any CONFIDENTIAL or ATTORNEYS' EYES ONLY material that is provided under this Protective Order shall maintain such

CHRISTIE, PARKER & HALE, LLP

DM_US:20970248_2

information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

## EXEMPTED MATERIALS

17. None of the provisions of this Protective Order shall apply to the following categories of documents and information, and any party may seek to remove the restrictions set forth herein on the ground that information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY has/had been:

   (a) in the public domain at the time of its production hereunder;

   (b) in the public domain after the time of its production through no act, or failure to act, on behalf of the Receiving Party, its counsel, representatives or experts;

The parties will use their best efforts to resolve any dispute under this Paragraph 17, before involving the Court.

18. None of the limitations on disclosure of this Protective Order shall apply to the following category of documents and information, and any party may seek to remove the restrictions set forth herein on the ground that:

   (a) information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY does not fall within the definitions of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" set forth in Paragraphs 4, 5 and 6 above.

The Producing Party shall have the burden of proof of establishing that Discovery Material challenged under this Paragraph 18 constitutes CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material as defined in Paragraphs 4, 5 and 6.

## INADVERTENT PRODUCTION/DESIGNATION

19. The inadvertent production of documents subject to the attorney-

client privilege or the attorney work-product doctrine will not waive the attorney-client privilege or the attorney work-product doctrine. In addition, the fact that a document was inadvertently produced shall not be used in any manner or evidence in support of any such alleged waiver. Upon a request from a party that has inadvertently produced any document which it believes may be subject to the attorney-client privilege or attorney work-product doctrine, each party receiving said document shall return it and all copies within three (3) business days to the Producing Party. Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, address(es), and topic of the document and such other information as is reasonably necessary to identify the document and describe its nature to the Court in any motion to compel production of the document. Such a record of the identity and nature of a document may not be used for any purpose other than preparation of a motion to compel in this Action. After the return of the document(s), the Receiving Party may challenge the Producing Party's claim(s) of privilege or work-product by making a motion to the Court.

20. The inadvertent failure by a party to designate Discovery Material as CONFIDENTIAL or as ATTORNEYS' EYES ONLY shall not be a waiver of such designation provided that the party who fails to make such designation informs the Receiving Party that such Discovery Material is CONFIDENTIAL or ATTORNEYS' EYES ONLY within seven (7) days from when the failure to designate first became known to the Producing Party. The party receiving Discovery Material that the Producing Party inadvertently failed to designate as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not be in breach of this Order for any use made of such Discovery Material before the Receiving Party is informed of the inadvertent failure to designate. Once the Receiving Party has been informed of the inadvertent failure to designate pursuant to this Paragraph

-13-

DM_US:20970248_2

20, the Receiving Party shall take reasonable steps to, at the Producing Party's option, either ensure that all copies of any such Discovery Materials are returned promptly to the Producing Party or ensure that all copies of any such Discovery Materials are marked with the proper designation and distributed only as permitted under Paragraphs 13 through 16 of this Protective Order. If data or information has been extracted from any Discovery Materials that are subsequently re-designated pursuant to this Paragraph 20, to the extent possible, the information and/or data will be expunged and not used, or used only to the extent allowed under this Protective Order pursuant to its new confidentiality designation.

21. In the event of disclosure of Discovery Materials designated CONFIDENTIAL or ATTORNEYS' EYES ONLY to any person not authorized to such access under this Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately inform counsel for the party whose Discovery Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The party responsible for improperly disclosing such Discovery Material shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

## USE IN COURTROOM PROCEEDINGS

22. In the event that any CONFIDENTIAL or ATTORNEYS' EYES ONLY material is to be used in any court proceeding, the Producing Party may seek an appropriate protective order from the Court before its introduction, ~~and in any event, it shall not lose its confidential status through such use~~, and the parties shall take all steps reasonably required to protect its confidentiality during such use. The disclosure status of any evidence presented in a public court proceeding shall be determined by the Court.

-14-

## OBJECTION TO DESIGNATIONS

23. Any party may object to the designation by the Producing Party of any material as CONFIDENTIAL or as ATTORNEYS' EYES ONLY. The process for making such an objection and for resolving the dispute shall be as follows:

(a) The objecting party shall notify the Producing Party in writing as to its objection(s) to the designations. This notice shall include, at a minimum, a specific identification of the designated material objected to as well as the reason(s) for the objection.

(b) The objecting party shall thereafter have the burden of conferring either in person or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.

(c) Failing agreement, the objecting party may bring a noticed motion to the Court for a ruling that the Discovery Material sought to be protected is not entitled to such designation. The Producing Party bears the burden to establish that the Discovery Material is CONFIDENTIAL or ATTORNEYS' EYES ONLY and entitled to such protection under this Protective Order.

Notwithstanding any such challenge to the designation of material as CONFIDENTIAL or ATTORNEYS' EYES ONLY, all such material so designated shall be treated as such and shall be subject to the provisions of this Protective Order until one of the following occurs: (a) the party who designated the material as CONFIDENTIAL or ATTORNEYS' EYES ONLY withdraws such designation in writing, or (b) the Court rules that the designation is not proper and that the designation be removed.

CHRISTIE, PARKER & HALE, LLP

DM_US:20970248_2

## RETURN/DESTRUCTION OF MATERIALS

24. Not later than sixty (60) days after the Termination of this Action (defined below) all CONFIDENTIAL or ATTORNEYS' EYES ONLY material, including all copies and derivative works thereof, shall be returned to the Producing Party or, with advance written consent of the Producing Party, destroyed. The party receiving any CONFIDENTIAL or ATTORNEYS' EYES ONLY material shall certify in writing that all such material, including CONFIDENTIAL or ATTORNEYS' EYES ONLY material disclosed hereunder, has been returned or destroyed. *The Court and its personnel are not subject to this provision.* [handwritten]

## MISCELLANEOUS PROVISIONS

25. This stipulated Protective Order shall not prevent a party from seeking additional protection of information for which the protection of this Protective Order is not believed by such party to be adequate. The parties, however, may not withhold the production of information solely on the basis of a confidentiality objection once this Order is effective. If a party wishes to seek additional protections beyond those contained within this Protective Order, the burden is on that party to file a motion with the Court seeking such additional protections.

26. The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

27. If at any time CONFIDENTIAL or ATTORNEYS' EYES ONLY material is subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to counsel for every party who has produced such

CONFIDENTIAL or ATTORNEYS' EYES ONLY material and shall provide each such party with an opportunity to object to the production of CONFIDENTIAL or ATTORNEYS' EYES ONLY materials. If the Producing Party does not move for a protective order within ten (10) days of the date written notice is given, the party to whom the referenced subpoena is directed may produce, on or after the date set for production in the subpoena but not prior to the end of the ten (10) day notice period, such material in response thereto.

28. Counsel for any party to this Protective Order shall have the right to exclude from depositions, other than the deponent and the reporter, any person who is not authorized under this Protective Order to receive materials or information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY. Such right of exclusion shall be applicable only during periods of examination or testimony directed to CONFIDENTIAL or ATTORNEYS' EYES ONLY material.

29. All notices required by any paragraphs of this Protective Order are to be made by facsimile or electronic mail to counsel representing the noticed party. The date by which a party receiving notice shall respond or otherwise take action shall be computed from the date of receipt of the notice.

Any of the notice requirements herein may be waived in whole or in part, but only in a writing signed by an attorney for the Producing Party. All specified time periods are in calendar days unless otherwise indicated.

30. Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this Action and, in the course thereof, relying in a general way upon his or her examination of CONFIDENTIAL or ATTORNEYS' EYES ONLY material produced or exchanged in this Action; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the

content of CONFIDENTIAL or ATTORNEYS' EYES ONLY material produced by any other party or non-party.

31. Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this Action or otherwise that any documents, or any portion thereof, are privileged or otherwise non-discoverable, or are not admissible in evidence in this Action or any other proceeding.

32. All persons receiving CONFIDENTIAL or ATTORNEYS' EYES ONLY materials are enjoined from producing them to any other persons, except in conformance with this Protective Order. Each individual who receives CONFIDENTIAL or ATTORNEYS' EYES ONLY material agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

33. For purposes of this Protective Order, "Termination of this Action" is defined to mean the exhaustion of all appeals from orders and final judgments in this Action or the settlement of this Action by the parties.

34. The parties agree that the terms of this Protective Order shall survive and remain in effect after the Termination of this Action. ~~The Court shall retain jurisdiction to hear disputes arising out of this Protective Order.~~

35. Any party may move at any time to modify the terms of this Protective Order. A party seeking to modify this Protective Order shall request only the minimum modification as is reasonably necessary to address the grounds upon which its motion to modify is based.

36. Any headings used in this Protective Order are for reference purpose only and are not to be used to construe or limit the meaning of any provision.

37. This Protective Order may be executed in any number of counterparts, all of which upon completed execution thereof by all parties,

-18-

|   |   |   |
|---|---|---|
| 1 | collectively shall be deemed to constitute one original. | |
| 2 | IT IS SO STIPULATED. | |
| 3 | | |
| 4 | DATED: February 20, 2008 | CHRISTIE, PARKER & HALE, LLP |
| 5 | | |
| 6 | | By _____<br>Brain K. Brookey, (SBN 149522)<br>brian.brookey@cph.com |
| 7 | | G. Warren Bleeker, (SBN 210834)<br>warren.bleeker@cph.com |
| 8 | | CHRISTIE, PARKER & HALE, LLP<br>350 West Colorado Boulevard, Suite 500 |
| 9 | | Post Office Box 7068 |
| 10 | | Pasadena, California 91109-7068<br>Telephone: (626) 795-9900 |
| 11 | | Facsimile: (626) 577-8800 |
| 12 | | Attorneys for Plaintiff,<br>CALCAR, INC. and AMERICAN |
| 13 | | CALCAR, INC. |
| 14 | | |
| 15 | DATED: February 14, 2008 | HOWREY LLP |
| 16 | | |
| 17 | | By _____<br>William C. Rooklidge (SBN 134483) |
| 18 | | HOWREY LLP<br>2020 Main Street, Suite 1000 |
| 19 | | Irvine, CA 92614-8200<br>Telephone: (949) 721-6900 |
| 20 | | Facsimile: (949) 721-6910<br>E-mail: rooklidgew@howrey.com |
| 21 | | Bobby A. Ghajar (SBN 198719) |
| 22 | | Joshua A. Burt (SBN 222302)<br>HOWREY LLP |
| 23 | | 550 South Hope Street, Suite 1100<br>Los Angeles, California 90071 |
| 24 | | Telephone: (213) 892-1800<br>Facsimile: (213) 892-2300 |
| 25 | | E-mail: ghajarb@howrey.com<br>E-mail: burtj@howrey.com |
| 26 | | Attorneys for Defendants |
| 27 | IT IS SO ORDERED. | The California Cars Initiative, Inc. and<br>Felix Kramer |
| 28 | DATED: February 26, 2008<br>_____<br>UNITED STATES MAGISTRATE JUDGE | -19- |